UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CESAR ESPINOZA MORA, | ) | 1:10-cv-00033-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER REQUIRING PETITIONER TO FILE |
| | ) | A MOTION TO NAME A PROPER |
| v. | ) | RESPONDENT |
| | ) | |
| USA, | ) | THIRTY DAY DEADLINE |
| | ) | |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The instant petition names the "USA" as respondent. The "USA" is not a proper party and deprives the Court of jurisdiction to proceed.

For a court to hear a petition for writ of habeas corpus, it must have jurisdiction over the prisoner or his custodian. United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984). A failure to name the proper respondent deprives a habeas court of personal jurisdiction. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989). The proper respondent in a federal habeas corpus petition is the petitioner's "immediate custodian." Brittingham, 982 F.2d at 379, *quoting* Demjanjuk v. Meese, 784 F.2d 1114, 1115 (D.C.Cir.1986) (Bork, J., in chambers). The custodian "is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner." Brittingham, 982 F.2d at

379, *quoting* Guerra v. Meese, 786 F.2d 414, 416 (D.C.Cir.1986) (Parole Commission is not custodian despite its power to release petitioner). Normally, the custodian of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

Petitioner names "USA" as the respondent in this matter. However, "USA" is not the warden of the prison where Petitioner is presently confined. Petitioner is incarcerated at California City Correctional Institution, California City, California. Thus, the proper respondent would be the current warden of that institution. Because Petitioner did not name his immediate custodian as the respondent in this matter, this Court is without personal jurisdiction, and the petition must be dismissed.

However, the Court will give Petitioner the opportunity to cure the defect by amending the petition to name a proper respondent. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same). In the interest of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED that Petitioner may, within thirty (30) days of the date of service of this order, file a Motion to Amend the Petition to Name a Proper Respondent, in which he names the current warden of the prison where he is now incarcerated. Petitioner's failure to file such a motion within the time prescribed by this order may result in an order dismissing the petition for lack of jurisdiction.

IT IS SO ORDERED.

Dated:  **March 17, 2010**                    /s/ Jennifer L. Thurston
                                              UNITED STATES MAGISTRATE JUDGE