1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   CESAR ESPINOZA MORA,                )   1:10-cv-00033-JLT HC
                                          )
12                    Petitioner,         )   FINDINGS AND RECOMMENDATION RE:
                                          )   RESPONDENT'S MOTION TO DISMISS
13        v.                              )   THE PETITION (Doc. 13)
                                          )
14                                        )   ORDER DIRECTING OBJECTIONS TO BE
     B. WAGNER,                           )   FILED WITHIN TWENTY DAYS
15                                        )
                      Respondent.         )   ORDER DIRECTING CLERK OF COURT
16   _____)   TO ASSIGN CASE TO UNITED STATES
                                              DISTRICT JUDGE
17
                                              ORDER DIRECTING CLERK OF COURT
18                                            TO SEND FUTURE CORRESPONDENCE
                                              TO PETITIONER'S NEW PLACE OF
19                                            INCARCERATION

20

21                          **PROCEDURAL HISTORY**

22        Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

23   pursuant to 28 U.S.C. § 2241.   The instant federal petition for writ of habeas corpus, styled by

24   Petitioner, as a motion for miscellaneous relief, was filed on December 22, 2009, in the United States

25   District Court for the Middle District of Florida.  (Doc. 1).  The petition alleges that Respondent

26   United States Bureau of Prisons ("BOP") has improperly calculated Petitioner's credits and thus is

27   incorrectly computing his release date.

28        On January 7, 2010, that district court transferred the case to this Court.  (Doc. 4).  Although

                                          1

1  Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge,

2  Respondent, despite being sent three separate orders requiring Respondent to file either a refusal or

3  acceptance of consent to jurisdiction, has failed to submit such a consent.

4     On April 2, 2010, Respondent filed the instant motion to dismiss, contending that the petition

5  contained unexhausted claims and that the Court lacked personal jurisdiction because Petitioner had

6  been transferred to the Eden Correctional Institution, Eden, Texas, which lies within the jurisdiction

7  of the United States District Court for the Northern District of Texas.  (Doc. 15).  Petitioner has not

8  filed an opposition to Respondent's motion to dismiss.

9                    **DISCUSSION**

10     A.  Procedural Grounds for Motion to Dismiss

11     As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside

12  the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules

13  Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from

14  the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

15  district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

16     The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer

17  if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

18  state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

19  4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

20  F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

21  state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

22  Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court

23  should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

24     In this case, Respondent's motion to dismiss is based on a failure to exhaust administrative

25  remedies and a lack of personal jurisdiction.   Because Respondent's motion to dismiss is similar in

26  procedural standing to a motion to dismiss for failure to exhaust state remedies or for state

27  procedural default and Respondent has not yet filed a formal answer, the Court will review

28  Respondent's motion to dismiss pursuant to its authority under Rule 4.

1      B. <u>Lack of Jurisdiction</u>.

2      Respondent contends that because Petitioner has been moved to a federal prison outside this

3  Court's boundaries, the Court lacks jurisdiction to proceed.  Respondent is mistaken.

4      Writ of habeas corpus relief extends to a person in custody under the authority of the United

5  States. See 28 U.S.C. § 2241.  Writ of habeas corpus relief is available if a federal prisoner can show

6  he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

7  § 2241(c)(3).  Although Petitioner is now in the custody of the Eden Detention Center, Eden, Texas,

8  at the time he filed the instant petition he was incarcerated at the California City Correctional Center,

9  California City, California, which lies within the jurisdiction of this Court.  (Doc. 15, p. 2).  28

10  U.S.C. § 2241(a); <u>Malone v. Calderon</u>, 165 F.3d 1234, 1237 (9th Cir. 1999)(citing § 2241 for the

11  proposition that federal courts have authority to grant writs of habeas corpus "within their respective

12  jurisdictions.").   The Ninth Circuit, however, has held repeatedly that when a federal prisoner files a

13  habeas corpus petition in the correct jurisdiction, that jurisdiction will not be defeated by a

14  subsequent transfer of the prisoner to a facility in another jurisdiction. "'[J]urisdiction attaches on the

15  initial filing for habeas corpus relief and it is not destroyed by a transfer of the petition and the

16  accompanying custodial charge.'"  <u>Francis v. Rison</u>, 894 F.2d 353, 354 (9th Cir. 1990), *quoting*

17  <u>Santillanes v. United States Parole Comm'n</u>, 754 F.2d 887, 888 (10th Cir. 1985);  <u>see</u> <u>Mujahid v.</u>

18  <u>Daniels</u>, 413 F.3d 991, 994 (9th Cir. 2005);  <u>accord</u> <u>Smith v. Campbell</u>, 450 F.2d 829, 834 (9th Cir.

19  1971).  Accordingly, the fact that, after the petition was filed, Petitioner was transferred by the BOP

20  to Eden Correctional Institution, Eden, Texas, does not deprive this Court of personal jurisdiction,

21  and Warden Wagner remains the proper respondent.[1]

22      C. <u>Lack of Exhaustion</u>.

23      Respondent also contends that the petition should be dismissed because it contains

24  unexhausted claims.  The Court agrees.

25  _____

26      [1]Respondent cites several decisions of this Court finding a lack of jurisdiction because of a petitioner's subsequent
27  transfer.  (Doc. 13, p. 9).  For a short period of time, the Court adopted the minority view that habeas jurisdiction was
    transferred along with a petitioner.  However, the clear majority view in the Eastern District, and the view now followed by
    this Court, is consistent with the Ninth Circuit's holding in <u>Francis</u>. E.g., <u>Stansbury v. Rios</u>, 2010 WL 1797109 *1 (E.D. Cal.
28  May 3, 2010); <u>Dyson v. Rios</u>, 2010 WL 3516358 *1 (E.D.Cal. Sept. 2, 2010); <u>Marks v. Wrigley</u>, 2009 WL 1211381 *2 (E.D.
    Cal. April 30, 2009).

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruwiwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

If the petitioner did not properly exhaust his administrative remedies, and such remedies are no longer available, he may have procedurally defaulted on his claims. See Francis v. Rison, 894 at 354-55 (applying procedural default rules to administrative appeals); see generally Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977); Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). If a claim is procedurally defaulted, the court may require the petitioner to demonstrate cause for the procedural default and actual prejudice from the alleged constitutional violation. See Francis, 894 F.2d at 355 (suggesting that the cause and prejudice test is the appropriate test); Murray, 477 U.S. at 492 (cause and prejudice test applied to procedural defaults on appeal); Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 906-08 (9th Cir.1986) (cause and prejudice test applied to pro se litigants).

The BOP has established an administrative remedy procedure governing prisoner complaints. The procedure is set forth at 28 C.F.R. § 542.10 et seq. First, an inmate must attempt to resolve the issue informally by presenting it to staff before submitting a Request for Administrative Remedy. 28 C.F.R. § 542.13 (1999). If dissatisfied with the response, the prisoner may proceed with the formal filing of an Administrative Remedy Request. 28 C.F.R. § 542.14 (1999). Upon denial by the institution, the prisoner may appeal the decision by filing a complaint with the Regional Director of the BOP. 28 C.F.R. § 542.15 (1999). The Regional Director's decision may be appealed to the General Counsel in Washington, D.C. Id. Appeal to the General Counsel is the final step in the

1   administrative remedy process.  Id.

2        The record indicates that on September 14, 2009, Petitioner submitted an Informal Resolution

3   form to the California City Correctional Center, in which he sought clarification about how his

4   federal sentence was to be computed vis-a-vis a sentence imposed as the result of a separate

5   conviction in the Southern District of New York, that, according to Petitioner, had been ordered to

6   run concurrently with his conviction in the instant case.  (Doc. 1, Ex. 2).  The record does not

7   indicate what response, if any, Petitioner received from his Informal Resolution request.

8        The record indicates also that on November 9, 2009, Petitioner submitted an Inmate Request

9   to Staff, directed to the prison's Records Department, arguing that the prison was not calculating his

10  sentence correctly with the New York conviction.  (Doc. 1, Ex. 4).  Again, the record does not

11  indicate what response, if any, Petitioner received from the prison.

12       The record does not contain any further evidence of efforts by Petitioner to exhaust the

13  administrative remedies outlined above.  There is no evidence that Petitioner filed an Administrative

14  Remedy Request with the prison, or that he appealed that decision to the Regional Director, or that

15  he sought review from the BOP's General Counsel.  Although Petitioner has had ample opportunity

16  to provide additional evidence of his efforts to exhaust his claim by filing an opposition to the

17  motion to dismiss, Petitioner has not done so.  Accordingly, the Court finds that Petitioner has not

18  exhausted his claim through the administrative procedures provided by federal regulations.

19       While it is not clear whether Petitioner could continue to exhaust his particular round of

20  administrative remedies that were commenced on September 14, 2009, the nature of Petitioner's

21  claim, i.e., failure by the BOP to properly credit him for the two concurrent sentences, if true, is a

22  continuing wrong that could be exhausted in the future by following the exhaustion procedures

23  outlined above.   Accordingly, in the Court's view, Petitioner is not procedurally defaulted in his

24  efforts to obtain habeas relief for this claim at some future time, should he desire to do so.

25  Therefore, the proper avenue under these circumstances is to grant Respondent's motion to dismiss

26  for lack of exhaustion and to dismiss the petition.  Should Petitioner wish to raise this issue in a

27  habeas proceedings in the federal courts in the future, he may do so by first fully exhausting those

28  administrative remedies that are available to him.

1
## ORDER

2      It is HEREBY ORDERED as follows:

3  ]   1.   The Clerk of the Court is DIRECTED to assign this case to a United States District

4              Judge; and,

5      2.   The Clerk of the Court is DIRECTED to send all future correspondence with

6              Petitioner to his new place of incarceration: **CI Eden Correctional Institution, P.O.**

7              **Box 605, Eden, TX 76837**.

8
## RECOMMENDATION

9      Accordingly, the Court HEREBY RECOMMENDS as follows:

10     1.   Respondent's motion to dismiss for lack of personal jurisdiction (Doc. 13), should be

11            **DENIED**; and,

12     2.   Respondent's motion to dismiss for lack of exhaustion (Doc. 13), should be

13            **GRANTED**.

14          This Findings and Recommendations is submitted to the United States District Court Judge

15  assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of

16  the Local Rules of Practice for the United States District Court, Eastern District of California.

17  Within twenty (20) days after being served with a copy, any party may file written objections with

18  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

19  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

20  filed within fourteen (14) <u>court</u> days (plus three days if served by mail) after service of the

21  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

22  (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive

23  the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

24

25  IT IS SO ORDERED.

26  Dated:   **November 9, 2010**                          **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE

27

28

6